UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**RICKY DEAN KELLY,**

   **Plaintiff,**

v.                                                                  Case No.  3:25-cv-1947-TKW-ZCB

**BRYAN F. AYLSTOCK and
AYLSTOCK, WITKIN, KREISS &
OVERHOLTZ,**

   **Defendants.**

_____/

## ORDER

This case is before the Court based on the magistrate judge's Report and Recommendation (Doc. 25) and Plaintiff's objections (Doc. 26).  The Court reviewed the issues raised in the objections de novo under 28 U.S.C. §636(b)(1) and Fed. R. Civ. P. 72(b)(3), and based on that review, the Court agrees with the magistrate judge's determination that Plaintiff's motion to remand should be denied.

Plaintiff does not take issue with the magistrate judge's determination that pre-service "snap removals" are proper; he simply argues that a prerequisite for such a removal was not met here because one of the defendants (the Florida-resident law firm) was properly served before the notice of removal was filed.  That argument is meritless because, as correctly explained by the magistrate judge, service of a member-owed LLC (such as the law firm) under Florida law requires service of a

"manager" of the LLC as that term is defined in the LLC statute (*see* §605.0102(38), Fla. Stat.), not someone working for the LLC who happens to have the word "manager" in his or her job title. *See Vibe Ener v. Duckenfield*, 2020 WL 6373419, at *7 (S.D. Fla. Sep. 29, 2020) (finding that LLC was not properly served by when process was served on an "office manager"). The fact that §48.062(3), Fla. Stat., does not specifically cross-reference the statutory definition of "manager" in the LLC statute is immaterial because it is apparent from the statutory context that §48.062(3) is using word "manager" as a term-of-art, not in the colloquial sense. Thus, Plaintiff's argument that the magistrate judge "erroneously concluded that Defendants were not properly served under Florida law" is rejected.

The other argument in the objections—that the magistrate judge "erroneously [found] that the amount in controversy exceeds $75,000"—has even less merit. The evidence of record (all of which was properly before the magistrate judge) established well beyond a preponderance of the evidence that the amount in controversy exceeds $75,000. Indeed, it strains credibility for Plaintiff to argue that the amount in controversy is less than that amount based on the substantive allegations in the complaint and the fact that he has not offered to stipulate that he is not seeking and will not accept a judgment in excess of $75,000.

Accordingly, it is **ORDERED** that:

1. The magistrate judge's Report and Recommendation is adopted and incorporated by reference in this Order.

2. Plaintiff's motion to remand (Doc. 8) is DENIED.

3. This case is returned to the magistrate judge for further pretrial proceedings.

**DONE AND ORDERED** this 2nd day of February, 2026.

_____
**T. KENT WETHERELL, II
UNITED STATES DISTRICT JUDGE**